## MORTON v. UNITED STATES.

(District Court, D. Indiana. January 15, 1894.)

No. 4,808.

CLERKS OF CIRCUIT COURT OF APPEALS—FEES AND SALARY.

Under the judiciary act of March 3, 1891, §§ 2, 9, a clerk of the circuit court of appeals is entitled to retain from the fees and emoluments of his office, after payment of all other expenses, a sum not exceeding $500, in addition to his salary of $3,000.

At Law. Action by Oliver T. Morton against the United States to recover fees as clerk of the circuit court of appeals for the seventh circuit. Heard on demurrer to the petition. Overruled.

A. C. Harris, for petitioner.
Frank B. Burke, for the United States.

BAKER, District Judge. This petition is brought under the act of March 3, 1887, which constitutes the district court a court of claims in certain cases. The petitioner is clerk of the circuit court of appeals for the seventh judicial circuit, and sues to recover $371.20 of the fees and emoluments of his office, which he has covered into the treasury of the United States, under protest, upon demand of the comptroller of the treasury. He claims that the amount in controversy belongs to him under the act of congress creating the circuit court of appeals. 26 Stat. 826 et seq. The suit involves an adjudication in regard to the compensation to which the clerk is entitled under said act. The money sued for is the whole amount of the fees and emoluments of his office for the year ending December 31, 1892, less the amount paid out for office expenses, including clerk hire, which he was allowed to retain.

Do these fees belong to the clerk? This depends upon the construction to be given to sections 2 and 9 of said act. So much of section 2 as has any application to the question is as follows:

"And the salary of the clerk of the court shall be three thousand dollars a year to be paid in equal proportions quarterly. The costs and fees in the supreme court now provided for by law shall be costs and fees in the circuit court of appeals; and the same shall be expended, accounted for and paid for, and paid over to the treasury department of the United States in the same manner as is provided in respect of the costs and fees in the supreme court."

Section 9 is as follows:

"That the marshals of the several districts in which said circuit court of appeals may be held shall, under the direction of the attorney general of the United States, and with his approval, provide such rooms in the public buildings of the United States as may be necessary, and pay all incidental expenses of said court, including criers, bailiffs and messengers: Provided, however, that in case proper rooms cannot be provided in such buildings, then the said marshals, with the approval of the attorney general of the United States, may, from time to time, lease such rooms as may be necessary for such courts. That the marshals, criers, clerks, bailiffs and messengers shall be allowed the same compensation for their respective services as are [is?] allowed for similar services in the existing circuit courts."

Counsel for the petitioner contends with great earnestness that the clerk is entitled to the salary provided for in section 2, and, in addition thereto, to retain out of the fees and emoluments of his office the same amount which clerks of existing circuit courts are allowed to retain. The district attorney, on the other hand, insists that he is only entitled to his salary of $3,000 a year; and that the last paragraph of section 9 only relates to such incidental expenses of the court and its officers as the marshal is authorized to pay, and has no relation to the compensation of the clerk for his services. Sections 2 and 9 ought to be so construed as to give full effect to the language of each. They ought not, however, to be construed, unless incapable of other construction, in such a manner as to give the clerk of the circuit court of appeals the salary provided for in section 2, and also the right to retain, in addition thereto, the same amount out of the fees and emoluments of his office as is allowed in the case of the clerks of the circuit courts. Such a construction would result in double compensation. It

would make his compensation larger than that received by the clerk of the supreme court of the United States, and nearly twice as large as that received by the clerks of the circuit courts. It cannot well be doubted that no such result was contemplated by the framers of the statute. Still, if the language employed necessarily forbids any other construction than one leading to such a result, it would be the duty of the court to adopt and enforce that construction.

I think the apparent conflict may be reconciled by regarding section 9 as fixing the full measure of compensation which such clerk is entitled to receive. This section enacts that the clerk of the circuit court of appeals shall be allowed the same compensation for his services as is allowed for similar services in the existing circuit courts. It may be suggested that this provision was intended to fix the fees which may be lawfully taxed and collected as between the clerks and the litigants, and not as providing for the disposition of the fees when collected. This construction would make the compensation of the clerk the amount of his salary, and no more. I am not, however, disposed to adopt this construction, because the statute declares that he shall be allowed the same compensation for his services as is allowed for similar services in the existing circuit courts. This, in my opinion, was intended to fix the limit of his compensation. He is to be allowed for his services the same compensation as is allowed to the clerks of existing circuit courts for similar services. The clerks of existing circuit courts are entitled to receive, for all services rendered by them, $3,500 a year. If the clerks of the circuit courts of appeals are to receive the same compensation as clerks of existing circuit courts for similar services, then they cannot receive a larger sum for all services rendered by them than $3,500 a year. The clerks of the circuit courts receive their compensation out of the fees and emoluments of their offices, which they are allowed to retain without covering the same into the treasury. The method in which their compensation is paid is not material. The fees are collected under authority of law, and they belong to the United States as much as though they had been covered into the treasury. In my opinion, the clerk of the circuit court of appeals is entitled to the same compensation as the clerks of the existing circuit courts,—that is to say, $3,500 a year, and no more.

This construction is in harmony with that which has been uniformly applied in reference to the compensation of district attorneys of the United States. These officers, except in California and the southern district of New York, are each allowed a salary of $200 a year. Rev. St. § 770. Their compensation is fixed by another section as follows:

"No district attorney shall be allowed by the attorney general to retain of the fees and emoluments of his office, * * * for his personal compensation, * * * a sum exceeding six thousand dollars a year." Id. § 835.

With some exceptions, each United States marshal is allowed a salary of $200 a year. His compensation to be retained out of the

fees and emoluments of his office is not to exceed $6,000 a year. The practical construction given to the law relating to the compensation of district attorneys and marshals has been to regard the salary as a part of the $6,000 of compensation to which each of these officers is entitled. This construction by the treasury department was well known and understood by the congress, and it is fair to presume that it was the legislative intent that the like construction should be given to the sections of the statute under consideration. The plaintiff is therefore entitled to retain, in addition to his salary, for his personal compensation out of the fees and emoluments of his office, the sum of $500 a year, if so much remains after the other expenses required to be paid therefrom are satisfied.

The complaint shows that the sum of $371.20 of the fees and emoluments of his office remained at the end of the first year, after the payment of all other expenses. In my opinion, the clerk is entitled to retain for his personal compensation, out of such remaining fees and emoluments, a sum not exceeding $500 in addition to his salary. It follows that he was entitled to retain the entire amount of the fees and emoluments remaining in his hands at the end of the year, in addition to his salary. The action of the treasury department in compelling him to cover the same into the treasury was wrongful. The payment having been made by the plaintiff under compulsion and over his protest, he is entitled to maintain an action to recover the same. U. S. v. Lawson, 101 U. S. 164.

The demurrer to the petition will therefore be overruled, and it is so ordered; to which ruling the defendant excepts.